UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12488-RGS

FRANKLIN CASTANO,
Petitioner

v.

BRAD COWEN,
Respondent

FURTHER ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

January 29, 2020

STEARNS, D.J.

After review of petitioner Franklin Castano's post-Order objections and a re-examination of Magistrate Judge Boal's Report and Recommendation (R&R), the court's adoption of the R&R stands.[1] Petitioner objects to the Magistrate Judge's determination that Ground three of his petition raises issues of state law that a federal habeas court is powerless to correct. Although petitioner acknowledges the procedural

---

[1] Magistrate Judge Boal's Report and Recommendation was filed on December 27, 2019. An Order adopting the R&R was docketed and mailed to the petitioner on January 14, 2020. On January 16, 2020, Castano requested an extension of time to file objections until January 20, 2020, which was granted.

default, he argues that the failure of his counsel to call a rebuttal expert ballistician constituted presumptively prejudicial structural error. The argument confuses structural error with trial error. "Trial error 'occur[s] during the presentation of the case to the jury,' and is amenable to harmless-error analysis because it 'may . . . be quantitatively assessed in the context of other evidence presented in order to determine [the effect it had on the trial].'" *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993). "Structural defects," which affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself," are never harmless. *Arizona v. Fulminante,* 499 U.S. 279, 310 (1991). Structural defects include "total deprivation" of the right to counsel, constitutionally deficient instructions on reasonable doubt, denial of the right to self-representation, denial of the right to a public trial, judicial bias, and denial of the right to a fairly constituted grand (or petit) jury. *Johnson v. United States,* 520 U.S. 461, 468-469 (1997). The failure to appoint or call an expert witness as part of a defense at trial gives rise to a claim of trial error, if any error at all. *See White v. Johnson*, 153 F.3d 197, 201-203 (5th Cir. 1998). Similarly, the refusal of the Superior Court to appoint a new, and presumably more experienced counsel to represent Castano, did not amount to a structural

error. *See United States v. Cronic*, 466 U.S. 648, 649, 666 (1984) (no finding of structural error where the trial court appointed a young lawyer with no criminal law experience and only twenty-five days to prepare for trial). As the motion to reconsider is DENIED, the court reaffirms its decision to dismiss the petition with prejudice, as recommended by the Magistrate Judge. The court also reaffirms its determination that it will not grant a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

                                            SO ORDERED.

                                            /s/ Richard G. Stearns
                                            UNITED STATES DISTRICT JUDGE